UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARANDA CARSON,

    Plaintiff,

v.

FREDEANE ARTIS, et al.,

    Defendants.

_____/

Case No. 1:22-cv-260

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff initiated this prisoner civil rights action pursuant to 42 U.S.C. § 1983 on March 21, 2022, against Defendants Warden Fredeane Artis and Deputy Warden Unknown/Christopher King. On September 27, 2022, Defendants filed a motion for summary judgment. Plaintiff did not file a response to the motion. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendants' motion be granted and the action terminated. On November 28, 2022, Plaintiff timely filed an objection to the Report and Recommendation, stating only that he "in fact did respond to Defendants motion for summary judgment for failure to exhaust administrative remedies, and proof and reasons are incorporated in the following attached" (Pl. Obj., ECF No. 20 at PageID.83). Together with his objection, Plaintiff untimely[1] filed a response to Defendants' summary judgment motion (ECF No. 21). In accordance

---

[1] Plaintiff was served a copy of Defendants' motion for summary judgment on September 27, 2022 (ECF No. 16 at PageID.59). Pursuant to W.D. Mich. LCivR 7.2(c), Plaintiff's response was due no later than October 25, 2022. There is no record in this case of any response to Defendants' motion prior to Plaintiff's filing on November 28, 2022. *See also* R&R, ECF No. 19 at PageID.77. Further, Plaintiff does not indicate any reason for his late filing, nor does he provide a factual basis for why any response was not received by the Court prior to November 28, 2022. *See* FED. R. CIV.

with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which an objection has been made. The Court denies the objection and issues this Opinion and Order.

As a threshold matter, Plaintiff's objection only asserts that Plaintiff "in fact did respond to Defendants['] motion for summary judgment" (Pl. Obj., ECF No. 20 at PageID.83). To the extent Plaintiff intends to object to the Magistrate Judge's determination that Plaintiff "failed to respond to the [summary judgment] motion" and "therefore, has failed to refute Defendants' argument or evidence" (R&R, ECF No. 19 at PageID.81), Plaintiff's objection is properly denied. First, the Magistrate Judge did not have the benefit of any response from Plaintiff. Second, Plaintiff's statement fails to identify—let alone demonstrate—legal error in the Magistrate Judge's conclusion. Plaintiff's objection on this basis is properly denied.

Moreover, having reviewed the record, this Court determines that Plaintiff's response in opposition to Defendants' summary judgment motion fails to identify any facts which demonstrate a genuine issue for trial. *See Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). In his response, Plaintiff argues that he did "exhaust[] all available administrative remedies and that other issues were foreclosed by Defendant[s'] refusal to process Plaintiff's properly filed grievances" (ECF No. 21 at PageID.89). However, Plaintiff does not provide any facts as to how Defendants' foreclosed or prevented Plaintiff from filing grievances. Rather, Plaintiff only asserts that certain of his grievances never received a response (*id.*). However, as the Magistrate Judge determined,

---

P. 6(b)(1)(B) (stating that "the court may, for good cause, extend the time" to respond to a motion "on motion made after the time has expired if the party failed to act because of excusable neglect"). Plaintiff has attached what appears to be a disbursement authorization for his response from the Michigan Department of Corrections (MDOC) dated October 18, 2022, however, it is not clear why any such filing was not sent to or received by the Court (ECF No. 21-1 at PageID.96–97). Nonetheless, the Court considers Plaintiff's response as discussed *infra*.

Defendants "submitted evidence showing that Plaintiff has pursued only one grievance through all three steps of the grievance process" but that that grievance was submitted "*after* [Plaintiff] initiat[ed] the present action" and thus, "cannot serve to exhaust" any of Plaintiff's claims (R&R, ECF No. 19 at PageID.81). Plaintiff's response fails to create an issue of fact to rebut Defendant's evidence, and, as such, his objection is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 20) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 15) is GRANTED; specifically, Plaintiff's claims are dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: April 17, 2023                          /s/ Jane M. Beckering
                                               JANE M. BECKERING
                                               United States District Judge